IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>GOODLUCK C. ONYENEHO,</td><td>*</td><td></td></tr>
<tr><td>Plaintiff</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.  JKB-12-3692</td></tr>
<tr><td>FARMERS INS. EXCHANGE,</td><td>*</td><td></td></tr>
<tr><td>Defendant</td><td>*</td><td></td></tr>
</table>

*     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM  AND  ORDER

Pending before the Court are Defendant's motion to dismiss for lack of prosecution or, alternatively, to compel Plaintiff to respond to Defendant's discovery requests (ECF No. 31) and Plaintiff's motion for voluntary dismissal without prejudice (ECF No. 37).  The motions have been briefed (ECF Nos. 36, 38, 39, & 41), and no hearing is required, Local Rule 105.6 (D. Md. 2011).  Defendant's motion will be granted in part and denied in part, and Plaintiff's motion will be denied.

## I.  Background

Proceeding *pro se*, Goodluck C. Onyeneho filed this suit on December 17, 2012, alleging employment discrimination and retaliation.  (Compl., ECF No. 1.)  Initially, Onyeneho sued Farmers Insurance Group and three individuals.  (*Id.*)  According to the docket, he never served the initial complaint on those defendants.  He then filed an amended complaint on January 14, 2013, and apparently served it on the defendants. (ECF No. 5.)  The defendants' motion to strike the amended complaint was granted (ECF Nos. 9 & 10), and thereafter, Onyeneho filed a notice of waiver of service and consent to file an amended complaint (ECF No. 11).  In July 2013,

Onyeneho's consent motion for leave to file a second amended complaint was granted (ECF Nos. 17 & 18); the newly amended complaint was filed July 18, 2013 (ECF No. 19). The only defendant in this complaint is Farmers Insurance Exchange ("Farmers Insurance"). The complaint was duly answered on August 2, 2013 (ECF No. 20), and a scheduling order was entered on August 7, 2013 (ECF No. 24).

The scheduling order provided that all depositions and other discovery were to be completed by December 20, 2013. (ECF No. 24.) On December 16, 2013, Farmers Insurance filed a letter requesting a sixty-day extension of the discovery period and the other deadlines in the scheduling order. (ECF No. 29.) In its letter, Defendant indicated it had served various discovery requests upon Onyeneho in September and that his responses were due October 28, 2013. However, as of December 16, Farmers Insurance had received no discovery responses. Further, Defendant had sent Onyeneho a letter on December 9 requesting him to respond to the discovery requests. Onyeneho responded on December 12 by making a settlement demand on Defendant. Thus, Farmers Insurance was requesting additional time to try to resolve their discovery matters or, if unsuccessful, to file a motion to compel. This motion was granted. (ECF No. 30.)

On January 24, 2014, Defendant filed a motion to dismiss for lack of prosecution or, alternatively, to compel Plaintiff's discovery responses. (ECF No. 31.) On February 4, 2014, an attorney entered an appearance on Onyeneho's behalf (ECF No. 33) and, on February 10, filed a consent motion to extend the time for Onyeneho to respond to Defendant's motion and to extend the time for completion of discovery (ECF No. 34). This motion indicated,

> [T]here are questions concerning discovery that may be easily resolved by counsel now entering his appearance and by granting the parties additional time to conduct discovery. By providing the parties additional time to conduct discovery, any issues concerning discovery requests and/or depositions may be readily

addressed without the court wasting any time or resources addressing them.  The granting of an extension will not prejudice either party and will instead be beneficial in moving the litigation forward.

The Court granted the motion and extended the discovery deadline to April 18, 2014.  (ECF No. 35.)   After another brief extension of the response deadline as to Defendant's motion, Onyeneho filed both his response as well as the pending motion for voluntary dismissal without prejudice.  (ECF Nos. 36, 37, 40.)  Following final briefing on the motions, Farmers Insurance filed on April 18 a request that all case deadlines as established in the extension order (ECF No. 35) be stayed until after the Court had ruled on the two pending motions.  (ECF No. 42.) This was granted.  (ECF No. 43.)

## II.  Motion for Voluntary Dismissal without Prejudice

Because the Defendant filed an answer to the second amended complaint and has not stipulated to dismissal, Onyeneho may not dismiss this case without a court order.  Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  The purpose of this rule is "to allow voluntary dismissals unless the parties will be unfairly prejudiced."  *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).  The focus of the district court in ruling on a motion under Rule 41(a)(2) is "primarily on protecting the interests of the defendant."  *Id.*  Relevant factors to be considered include "'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present state of litigation."  *Miller v. Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004) (unpublished) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

Taking the third factor first, Onyeneho vaguely offers as justification for voluntary dismissal without prejudice that,

> [b]ased upon his attorney's advice, Plaintiff believes that it is in the best interest of both parties to dismiss this matter and properly file a new complaint against Defendant. . . . Filing a new complaint will allow the parties to restart the discovery process without the cost and effort of recreating a discovery schedule. Dismissing this matter will also save the potential cost and delay of Plaintiff attempting to amend his complaint with the assistance of his new attorney. Therefore, granting Plaintiff's motion is in the interest of judicial efficiency and will result in the less costly resolution for both parties.

(Pl.'s Mot. Vol. Dismissal, unnumbered pages, ECF No. 37 at 5-6.)

In other words, Onyeneho wants a fresh start. In the world of golf, this would be called a mulligan: "a free shot sometimes given a golfer in informal play when the previous shot was poorly played."[1] Given that Onyeneho really seeks leave to file another amended complaint, that objective can potentially be accomplished without dismissal of the existing case. *See Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797, 800 (E.D. Va. 2003) (finding plaintiff failed to provide sufficient explanation for need for dismissal based on asserted desire to add a defendant and restate grounds for motion for judgment; plaintiff's purpose "is best accomplished by a motion for leave to amend the complaint, not a motion to dismiss"). *See also Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 180 (4th Cir. 2008) (unpublished) (record failed to support plaintiff's explanation for need for dismissal); *Wieters v. Roper Hosp., Inc.*, 58 F. App'x 40, 44 (4th Cir. 2003) (unpublished) (plaintiff failed to explain why dismissal would benefit his case); *Francis v. Ingles*, 1 F. App'x 152, 154 (4th Cir. 2001) (unpublished) (plaintiff offered noncompelling reason for dismissal). Notably, Onyeneho has cited no cases that view a plaintiff's desire for a fresh start as an acceptable reason for voluntary dismissal without prejudice, and the Court has found none.

---

[1] *Merriam-Webster Dictionary*, http://www.merriam-webster.com/dictionary/mulligan (accessed May 12, 2014).

As for the discovery issues, the Court is perplexed as to why Onyeneho's new attorney did not follow through with his statement to the Court back in February that he could "easily resolve[ ]" the discovery issues and "readily address[ ][them] without the court wasting any time or resources addressing them." (Pl.'s Mot. Extend 2, ECF No. 34.)  At that time, he sought and received a two-month extension of the discovery deadline, and it was the Court's expectation that he would use that time to accomplish what Onyeneho failed to do, *i.e.*, make appropriate responses to Defendant's discovery requests.

Onyeneho has, at least from the time a scheduling order was entered in early August 2013, shown a profound lack of diligence in litigating this case—both while *pro se* and while represented by counsel.  The Court can find no judicial economy in dismissing this case and allowing Onyeneho to file a new complaint.  Further, the Court cannot discern any economy in that course of action for Farmers Insurance, who has informed the Court that, through the end of February 2014, it has spent approximately $29,000 for attorney's fees and costs on this case. (Def.'s Opp'n to Vol. Dismissal 3, ECF No. 39.)  Obviously, those expenses were not directly related to trial preparation, and that factor weighs in Onyeneho's favor.  But the only reason this case has not progressed to a later stage of litigation is Onyeneho's lack of diligence, which must be taken into account in considering "the present state of litigation."  It would be unduly prejudicial to Farmers Insurance to be subjected to a second round of litigation when the first round—already in progress—is an adequate vehicle for resolution of the parties' dispute.

When all relevant circumstances are considered, Onyeneho's motion for voluntary dismissal without prejudice is unjustified and will be denied.

### III.   Motion to Dismiss for Failure to Prosecute or, Alternatively, to Compel Discovery Responses

Defendant has brought its motion under Rule 41(b), which allows involuntary dismissal with prejudice if a plaintiff "fails to prosecute or to comply with these rules or a court order."  In determining whether a Rule 41(b) motion should be granted, the Fourth Circuit cautions, "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'"  *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted).  Four factors to be considered by the district court are "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal."  *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (citations omitted).

In weighing those factors, the Court cannot say with certainty this high bar has been met.  Unquestionably, Onyeneho bears most of the responsibility for the delay in the case.  As a *pro se* plaintiff, he set the judicial wheels in motion and, as a result, he is responsible for his failure to respond to discovery requests while he represented himself.   Counsel also bears some responsibility since he came into the case raising expectations that he would help restore the case to its desired equilibrium but, without explanation, failed to do so.  The degree of prejudice caused to the Defendant has been fairly minimal.  This is not to say that Farmers Insurance is not justified in its aggravation at Onyeneho's complete failure to comply with his discovery responsibilities, particularly given Defendant's commendable attempts to move the case along in a normal fashion.  But Defendant's legal rights have not been impaired, and it will be fully able to defend itself on the merits *as long as Plaintiff makes full and complete discovery responses.*

The record does not show "'a drawn out history of deliberately proceeding in a dilatory fashion.'"  It does show a lackadaisical attitude by Onyeneho, but the Court can find no evidence of his deliberately proceeding in a dilatory fashion.  Finally, sanctions less drastic than dismissal exist and are, under the circumstances, more appropriate.   Nevertheless, both Plaintiff and Plaintiff's counsel are hereby put on notice that any future failure to comply with either the governing rules or this Court's orders will weigh heavily against Plaintiff should involuntary dismissal with prejudice be again contemplated, either because of a motion filed by Defendant or because the Court acts *sua sponte*.

The Court shall grant Defendant's alternative motion to compel.  Clearly, the first order of business is for Onyeneho to respond to Defendant's outstanding interrogatories, requests for production, and requests for admission.  Onyeneho will have 30 days from the date of this order to serve his responses to those on Farmers Insurance.  Second, any motion by Plaintiff for leave to file another amended complaint shall also be filed within 30 days of this order.   Third, Plaintiff shall cooperate in setting a date for Defendant's deposition of him.   Fourth, any discovery requests by Plaintiff of Defendant shall be promptly served to allow adequate time for response before the discovery deadline.  Finally, the following deadlines will govern this case:

| | |
|---|---|
| July 14, 2014 | Discovery deadline and filing of joint status report |
| August 14, 2014 | Deadline for filing dispositive motions |

Accordingly, it is hereby ORDERED:

1. The stay imposed by the Court in ECF No. 43 is LIFTED.

2. Plaintiff's motion for voluntary dismissal without prejudice (ECF No. 37) is DENIED.

3. Defendant's motion to dismiss or, alternatively, to compel (ECF No. 31) is GRANTED IN PART as to the motion to compel AND DENIED IN PART as to the motion to dismiss.

4. Plaintiff SHALL SERVE his responses to Defendant's outstanding discovery requests within 30 days of the date of this order.

5. If Plaintiff files a motion for leave to amend his complaint, he SHALL FILE his motion within 30 days of the date of this order.

6. Plaintiff SHALL COOPERATE in setting a date for his deposition by Defendant.

7. The new deadline for completion of discovery and filing of a joint status report is July 14, 2014.

8. Plaintiff SHALL SERVE any discovery requests he makes of Defendant to allow sufficient time for response before the discovery deadline.

9. The new deadline for filing dispositive motions is August 14, 2014.

DATED this 13th day of May, 2014.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge